**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HERMAN WALKER                                                                                          PLAINTIFF

V.                                          5:13CV00122-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Herman Walker, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.   BACKGROUND**

On January 7, 2010, Mr. Walker protectively filed for DIB benefits due to muscle spasm, swelling, and fluid build up in lower legs; blood clots, blockage, poor circulation, sores, and ulcers in and on both legs; and asthma. (Tr. 144) Mr. Walker's claims were denied initially and upon reconsideration. At Mr. Walker's request, an Administrative Law Judge ("ALJ") held a hearing on July 13, 2011, where Mr. Walker appeared with his lawyer. (Tr. 34) At the hearing, the ALJ heard testimony from Mr. Walker. (Tr. 35-43)

The ALJ issued a decision on January 24, 2012, finding that Mr. Walker was not disabled under the Act. (Tr. 21-28) The Appeals Council denied Mr. Walker's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Walker, who was fifty-five years old at the time of the hearing, has a high school education and a few years of training from a vocational-technical school. (Tr. 41) He has past relevant work experience as a carpenter. (Tr. 174)

1

**II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

The ALJ found that Mr. Walker had not engaged in substantial gainful activity from February 1, 2006, through his date last insured of December 31, 2006, and that he had the following severe impairments: chronic left leg pain due to venous insufficiency. (Tr. 23) However, the ALJ found that Mr. Walker did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 23-24)

According to the ALJ, Mr. Walker has the residual functional capacity ("RFC") to do the full range of medium work. (Tr. 24) Based on the entire record, the ALJ determined that Mr. Walker could perform a significant number of other jobs existing in the national economy, and found that Mr. Walker was not disabled.

**III.    ANALYSIS**

    **A.     Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B. Mr. Walker's Arguments for Reversal

Mr. Walker asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Walker contends that the ALJ erred by relaying on the Medical Vocational Guidelines at Step 5, since he has a nonexertional impairment, such as pain. (Doc. No. 13)

Though an ALJ generally must get the opinion of vocational expert when a "claimant suffers from a nonexertional impairment such as pain," there are exceptions. "When a claimant's subjective complaints of pain 'are explicitly discredited for legally sufficient reasons articulated by the ALJ,' the Secretary's burden [at the fifth step] may be met by use of the [Medical-Vocational Guidelines]." *Hutsell v. Sullivan*, 892 F.2d 747, 750 (8th Cir. 1989) (quoting *Long v. Bowen*, 866 F.2d 1066, 1067 (8th Cir.1989)). Here, the ALJ found that Mr. Walker was capable of medium work and explicitly discredited his claims of disabling impairments by pointing out several issues.

    1. No On-going Treatment for Leg Pain[3] – An ultrasound conducted on February 6, 2006 revealed that Mr. Walker had a localized venous thrombosis in the mid superficial left femoral vein. (Tr. 211) During a visit on February 14, 2006, he reported that the symptoms were much better, but the pain was not resolved. (Tr. 208) At that time, the nurse noted that he would be unable to work, but would be able to return to work after the blood clot resolved. (Tr. 205) After that date,

---

[3]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

there is not much in the record regarding Mr. Walker's leg pain during the relevant time period. Though some visits mention a <u>history</u> of deep vein thrombosis in left leg and lower leg pain, there is no indication that the impairment continued to be the reason for his visits to he doctor. (Tr. 320, 322) Notably, Mr. Walker has pointed out no evidence to the contrary.

      2. Controlled with Treatment[4] – On May 30, 2006, Mr. Walker reported to the doctor after swallowing a toothpick. (Tr. 207) Following surgery to treat an abscess that developed in Mr. Walker's rectum, the doctor noted that Mr. Walker was "doing satisfactorily" and "[o]verall he is much improved." (Tr. 311) On June 20, he reported drainage, but a week later, he was "doing extremely well." (Tr. 315) Infection reappeared and Mr. Walker underwent a second surgery on July 10, but he was again "doing much better" ten days later. (Tr. 320) On September 20, 2006, Mr. Walker reported pain related to his rectum, but a week later, he was "markedly improved." (Tr. 325) After yet another flare up, Mr. Walker reported doing "much better" by November 15, 2006. At that time the doctor discharged him with instructions that he could "do most anything he feels like doing right now." (Tr. 330) On November 29, the doctor again noted that Mr. Walker was "doing well from the standpoint of his rectum." (Tr. 332)

      3. Credibility Findings[5] – The ALJ also recognized that no treating physician placed any extended restrictions on Mr. Walker, and the expressed limited daily activities seem exaggerated in light of the objective medical evidence.

---

[4] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[5] *Clark v. Chater*, 75 F.3d 414, 417 (8th Cir.1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole."); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (affirming ALJ's finding when he considered, among other things, that "there were no functional restrictions [placed on claimant] by doctors").

4. Functional Capacity – The ALJ properly relied on a functional capacity exam performed on November 2, 2006, which found that Mr. Walker could perform medium work. (Tr. 258-265)  Around that same time, another examiner found that Mr. Walker had no functional limitations. (Tr. 251-257)  Though an RFC from 2010 determined that Mr. Walker was capable of only light work, this was years after the relevant period. (Tr. 378)  Accordingly, the ALJ correctly relied on the 2006 functional capacity exam.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Walker's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE